JACOB ALEXANDER v. TOWN COUNCIL OF GREENVILLE.

1. MUNICIPAL CORPORATION.  *Charter.*  *Ordinance.*  *Fire limits.*
    A charter which empowers a town council to enact all ordinances neces-
    sary to carry out the recommendations of the mayor tending to the
    security of the town, to regulate its police and provide for the pre-
    vention and extinguishment of fires, confers by implication the right
    to establish fire limits.

2. SAME.  *Excuse for non-compliance with town ordinance.*
    Where a town ordinance provides that no wooden building shall be
    erected within certain limits, without a license from the town council
    granted on petition approved by the mayor and chief of the fire de-
    partment, the fact that there is no such chief will not protect one
    who, making no effort to comply with the ordinance, builds such a
    structure in entire disregard of it.

3. SAME.  *Ordinance.*  *Suit for penalty.*  *How brought.*
    The Constitution, art. 6, § 18, which provides that all prosecutions shall
    be carried on in the name and by the authority of " the State of
    Mississippi," refers to criminal prosecutions for violation of State
    laws, and not to the recovery of penalties for violation of town
    ordinances, which can be had in the name of the town council.

ERROR to the Circuit Court of Washington County.
Hon. B. F. TRIMBLE, Judge.

A prosecution against Jacob Alexander, in the name of the
Town Council of Greenville, before a justice of the peace of
Washington County, based on an affidavit by the town mar-
shal charging the violation of a town ordinance by erecting a
wooden building within the fire limits without license, re-
sulted in his conviction, from which he appealed to the Circuit
Court, where, on trial by jury, he was again convicted ; and
from a judgment imposing a fine of fifty dollars, and commit-
ting him to jail until paid, said Alexander sued out this writ of
error.

The agreed facts are that the town authorities having allowed
many large and dangerous structures to be built within the
fire limits in Greenville, and there being no fire department
or chief engineer, Alexander applied to one of the town coun-

cilmen, who informed him that no license could be granted, because the petition had to be in writing and approved by the chief engineer. Thereupon Alexander, finding a small wooden structure essential to the use of his property, erected it within the fire limits without license, at a distance from all other buildings, and in such manner as not to increase the risk of fire. At the time the following ordinance was in force : —

" AN ORDINANCE prohibiting the erection of wooden buildings in certain limits of the town of Greenville.

" *Whereas*, the erection of frame buildings in the thickly settled and business portions of the town renders the danger of wide-spread conflagrations imminent, therefore : —

" *Be it ordained by the town council of Greenville*, That from and after this date it shall not be lawful for any person or persons to build, erect, or cause to be built or erected, any wooden building, to repair any wooden building already erected where the repairs amount to reshingling or resetting a wooden roof, or to add to any wooden building already erected, of any kind, size or description whatever, in that portion of the town embraced within the following limits, to wit : " (Here follows the description of the boundaries of the fire district).

" *Be it further ordained*, That any one desiring to build or erect within the aforesaid limits any shed, out-house or other small wooden structure, or to add to or repair any wooden structure already erected, may be allowed so to do, having first filed with the clerk of this council a petition in writing, setting forth the size and location of said proposed structure or repairs, approved by the chief engineer of the fire department and by the mayor of the city. Upon the filing of the petition, approved as aforesaid, the clerk shall issue a license for the erection of the structure or for the addition or repairs desired, in accordance with said petition.

" *Be it further ordained*, That for any violation of the provisions of this ordinance, the person or persons erecting a building or making or causing or contracting for the erection of any structure, or making of any repairs prohibited, as well as each and every contractor, workman, mechanic or laborer engaged in and about said building, addition or repairs shall, upon conviction before any magistrate

having jurisdiction, be liable to a fine of not less than $50 nor more than $500, and to imprisonment in the county jail not exceeding six months, and shall, moreover, be liable to an action for other damages and loss the town may incur in and about removing or preventing such building, addition or repairs.

" *Be it further ordained*, That it shall be the duty of the town marshal to at once arrest any person or persons attempting to violate any of the provisions of this ordinance, and to require him or them to remove any structure or addition to any building made in violation of this ordinance, and to cease from any repairs attempted in violation of this ordinance, and to bring the party or parties offending before the proper officer having jurisdiction.

" *Be it further ordained*, That for any neglect or failure to enforce the provisions of this ordinance, the marshal shall, upon satisfactory proof to the town council of such neglect or failure, be fined not less than $25 nor more than $50.

" *Be it further ordained*, That this ordinance take effect from and after its passage, and be published for two consecutive weeks in the Greenville Times newspaper."

The material parts of the charter of Greenville (Acts 1870, p. 332) are as follows : —

" SECT. 5. That the mayor shall at all times be active and vigilant in enforcing the laws and ordinances for government of the town, and it is hereby made expressly his duty to inspect the conduct of all subordinate officers of the town, and to give notice of their negligence or violation of duty to the council, and to communicate in writing to the council such information, and recommend all such measures as in his opinion may tend to the improvement of the finance, the police, the health, securing or comfort and ornament of the town ; and the council shall have full power to enact all ordinances necessary to carry out such recommendations."

" SECT. 13. That they " (the council) " shall have power to provide for the prevention and extinguishment of fires, and to organize and establish fire companies ; to regulate the fixing of chimneys and flues thereof, and the manner of using stoves and stove-pipes in dwelling-houses, stores, offices, warehouses and other buildings in said town; to regulate and order parapet walls and partition fences, and to regulate the storage of gunpowder and other combustible materials."

"SECT. 21. That they shall also have power to regulate the police of the town; to make all ordinances which shall be necessary and proper for carrying into execution the powers specified in this act, so that such ordinances be not repugnant to nor inconsistent with the Constitution of the United States, or of this State; to impose fines, forfeitures and penalties for the breach of any ordinances, and provide for the recovery and appropriation of such fines and forfeitures, and the enforcement of such penalties."

A proviso to this section is, that punishment shall not exceed $500, and six months' imprisonment in the county jail.

*Frank Johnston*, for the plaintiff in error.

1. The town council of Greenville, under its charter, had no power to enact the ordinance defining a fire district, and forbidding the erection of wooden buildings, within the fire limits, without a license. 1 Dillon on Municipal Corporations, §§ 55, 94; *New London* v. *Brainard*, 22 Conn. 552; 13 Mass. 272; 7 Ga. 221; 2 Denio, 110; *Bank of Chillicothe* v. *Chillicothe*, 7 Ohio, 354; 2 N. J. 623; *Willard* v. *Killingworth*, 8 Conn. 247; *Minturn* v. *Larue*, 23 How. (U. S.) 435; Potter's Dwarris, 221; 3 Taunt. 442.

2. Even if the ordinance was valid, the defendant could not be held liable for not procuring the license, when it could not be obtained without the approval of the chief engineer, and when, by the fault of the town authorities, there was neither chief engineer nor fire department. *Respublica* v. *Duquet*, 2 Yeates (Pa.), 493; *Brown* v. *Hunn*, 27 Conn. 332; *Mayer* v. *Thorne*, 7 Paige, 261.

3. This is not a civil suit, but a criminal proceeding, and thus a public prosecution, which cannot be conducted in the name of a municipal corporation. 1 Dillon on Municipal Corporations, § 342; *State* v. *Stearns*, 11 Foster (N. H.), 106; *Fink* v. *Milwaukee*, 17 Wis. 26; *Goddard's Case*, 16 Pick. 504. The Constitution, art. 6, § 18, provides that all prosecutions shall be carried on in the name and by the authority of "the State of Mississippi." The court, therefore, having no jurisdiction, the judgment should be reversed, and a judgment entered here, on the agreed facts, dismissing the proceeding.

*Percy & Yerger*, for the defendant in error.

1. The fire ordinance was valid, and a legitimate exercise of powers conferred by the charter. 1 Dillon on Municipal Corporations, § 338 and note ; Charter of Greenville, Acts 1870, p. 332.

2. The suit was properly instituted before a magistrate upon affidavit made by the town marshal that the plaintiff in error had committed the offence. This is the ordinary and proper method of instituting criminal prosecutions before magistrates for misdemeanors. It makes no difference that the magistrate styles the case on his docket *Town Council* v. *Alexander*, instead of *State* v. *Alexander*, or that the same style is followed in the Circuit Court.

3. The fact that at the time the plaintiff in error constructed his house the office of chief engineer was vacant, can certainly afford no excuse, — no more than a vacancy in the office from which liquor licenses are obtained would excuse a violation of the statute regulating that subject; especially as Alexander made no effort to comply with the requirements of the ordinance so far as under the circumstances he could.

CAMPBELL, J., delivered the opinion of the court.

The power to establish " fire limits " in the town of Greenville, and to prohibit the erection of wooden buildings therein, although not given in express terms, is by fair implication conferred on the town council by the charter. 1 Dillon on Municipal Corporations, § 338.

The fact that there was no chief of the fire department cannot avail the plaintiff in error, who did not make any effort to comply, as far as he could, with the requirement of the ordinance, but proceeded in utter disregard of it.

The proceeding for the penalty was properly conducted in the name of the town council, and not of the State of Mississippi. The Constitution (art. 6, § 18) has reference to criminal prosecutions for violations of the laws of the State, and not to the recovery of penalties for violation of town ordinances.                                    *Judgment affirmed.*