### GERTRUDE WASHINGTON v. STATE OF MISSISSIPPI.

#### [46 South. 539.]

1. MUNICIPALITIES. *Police justice. Ex-officio justice of the peace. Code 1906, § 3398. Proceedings kept separate.*

Under Code 1906, § 3398, requiring police justices to keep separate dockets, etc., it is the duty of the mayor and police justice of a municipality, made by statute (Code 1906, §§ 3398, 3399) *ex-officio* a justice of the peace, to keep proceedings before him as a justice of the peace wholly separate from municipal matters, so that the one may be distinguished from the other.

2. CRIMINAL LAW AND PROCEDURE. *Confused record. Police justice. Justice of the peace.*

Where a record is so confused that it cannot be told whether the defendant was convicted by a police justice of violating a municipal ordinance or by an *ex-officio* justice of the peace of an offense against the state, the proceeding should be dismissed.

3. SAME. *Appeal to circuit court. Arraignment. Supreme court practice.*

A defendant who has appealed from a conviction in a municipal court to the circuit court should be arraigned in the latter court, since the trial there is *de novo;* but a failure to arraign him cannot be complained of for the first time in the supreme court.

4. SAME. *Transcript. Amendment.*

The transcript of a case, appealed from a municipal court, cannot be amended in the circuit court by the testimony of the mayor or police justice.

.5. Same. *Witnesses.  Corroboration.*

> The testimony of a witness cannot be corroborated by proof that he testified in the same way on a previous trial of the case, in the absence of all showing that he then swore differently.

From the circuit court of Leflore county.

Hon. Sydney Smith, Judge.

Lady Washington, appellant, was tried and convicted in the court below, of the unlawful sale of intoxicants and appealed to the supreme court.   The facts are fully stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

The statutes of this state provide for two distinct sorts of criminal courts in municipalities; first, there is the court of the police justice; secondly, there is the court of the justice of the peace.

In cities having seven thousand inhabitants, the police justice must be elected by the citizens, and his court is organized on a somewhat elaborate scale; but in smaller municipalities, the police justice may be elected by the board of mayor and aldermen, and in the event they fail to elect a police justice, then the mayor of the municipality is vested *ex officio* with the powers of a police justice, and is authorized and required to hold that court; so also, while under the constitution the mayor of a municipality cannot be by the statute made *ex officio* a justice of the peace for the county, he may be made *ex officio* a justice of the peace for the municipality.   Accordingly, our statutes provide that the mayor when acting as *ex officio* a police justice, shall be also *ex officio* a justice of the peace in and for the municipality.

The distinctive difference between the jurisdiction of the mayor acting as police justice, on the one hand and the mayor acting as police justice, and, by consequence, *ex officio* a justice of the peace, on the other, is this: that as police justice he has jurisdiction to enforce the criminal ordinances of the munici-

pality, and to enforce them alone, having no jurisdiction, except as committing officer, over crimes against the state; while, when acting in his capacity of justice of the peace he does have the justice's jurisdition in respect to the state offenses.

In brief, the scheme seems to be this: That the criminal judicial officer for the municipality is the police justice; while the criminal judicial officer within the limits of the municipality, acting for the state, is the justice of the peace.

The discrimination between these two jurisdictions, is clearly indicated and is consistently maintained, in the statutes, Code 1906, §§ 87, 3398, 3399, 3400; *Hughes v. State,* 79 Miss. 77, 29 South. 786.

So much by way of preliminary. We now suggest that while the enforcement of the statutes and of the municipal ordinances against unlawful sales of intoxicants is very important—yet after all there is nothing more important than the due and orderly administration of the criminal laws. Whenever a citizen, even the humblest, is subjected to a penalty so severe as that imposed in this case, which was a fine of $500 and costs, and also imprisonment in jail for ninety days, it seems clear that it should be at least done on and through a record which will show in what court that citizen was tried, with what offense that citizen was charged, and whether the matter alleged is a violation of a municipal ordinance or the law of the state.

How else would it be possible on a second trial to maintain a plea of former acquittal or former conviction? Obviously, it would be impossible.

We confidently affirm that an inspection of this record will show that the case at bar is in that attitude precisely. No one can read this record and tell whether this woman was convicted under a municipal ordinance of the city of Greenwood for a violation thereof, or under the laws of the state of Mississippi for a violation of them.

If anybody can read this record and say in what court this woman was tried, and what it was she was tried for, they can

do more than we can.    It seems that they can do more than the district attorney could, for he appealed to the mayor to know.

*McClurg, Gardner & Whittington,* on same side.

The court below erred in overruling the motion of the appellant to dismiss the cause herein and discharge the defendant, because the transcript and record of appeal showed that the defendant was convicted in the mayor's court of a violation of the ordinances of the city of Greenwood, while the affidavit charged her with a violation of the statutes of the state of Mississippi.

The mayor's court was without jurisdiction to render the judgment that the copy of the proceedings and transcript of appeal to the circuit court showed was rendered.    The judgment of the mayor sentencing the appellant to imprisonment in the city jail shows that the mayor in this case undertook to convict appellant for a violation of the city ordinances.    The affidavit was for a violation of the state law and the mayor was not authorized to imprison appellant in the city jail for a violation of the statutes of the state of Mississippi against the unlawful sale of intoxicants.

The judgment of conviction was a nullity and void because there was no affidavit against appellant for violating a city ordinance.    It is elementary that the judgment in a criminal case must be founded on the affidavit or indictment.    By reference to the copy of the proceedings before the mayor, it is seen at a glance that the case is continually referred to as *"The City of Greenwood v. Gertrude Washington."*    In other words, as shown by the transcript of the proceedings certified to by the mayor, no disposition was ever made of the affidavit charging appellant with a violation of the statutes of the state.    Unless the transcript of the proceedings before the mayor shows that the judgment was rendered on the affidavit, the circuit court would be without jurisdiction.    As the record of the appeal to the circuit court shows the affidavit charging appellant with a

violation of the state law was undisposed of and still pending before the mayor. It must be kept in mind that an affidavit charging a violation of the ordinances of the city of Greenwood, and an affidavit alleging a violation of the statutes of the state constitute two separate and distinct cases. The record in this cause shows that the appellant moved to dismiss the case, assigning, among other reasons, the fact that the circuit court was without jurisdiction inasmuch as there was no judgment on the affidavit in the mayor's court. This motion was overruled by the circuit court, and the trial proceeded with on the transcript and record sent up by the mayor.

*George Butler,* assistant attorney general, for appellee.

The transcript was sufficient without amendment; but if it were insufficient, it was appellant's duty to see that the proper transcript was sent up. *Calhoun v. State,* 86 Miss. 553, 38 South. 660.

If any amendment be needed, it is expressly authorized by Code 1906, §§ 87, 1511, *Calhoun v. State, supra.*

It is contended that the amendment should not have been allowed, for it had the effect of changing the case from a violation of a city ordinance to a violation of a state statute. The affidavit is for a violation of a state law; appellant was convicted and fined for that offence by the mayor, acting as *ex-officio* justice of the peace, and it was so understood and recited in defendant's appeal bond. The same evidence of the same sale was before the magistrate's court and before the circuit court. Appellant knew of what she was charged and what she would be called upon to meet in the circuit court. It cannot be contended that she was tried for one offense in the justice's court and a separate and distinct offense in the circuit court.

There was a discrepancy between the record and the affidavit, but the purported transcript of the record was not in fact a correct transcript.

CALHOON, J., delivered the opinion of the court.

We think it was error to permit the mayor by his verbal testimony to amend the transcript of the record. This must be done by the book itself, or certified amended transcript from the book or paper as it is. The transcript should be a veritable copy of the record from the book, and the transcript cannot be amended in any way, so as to change it from the actual condition of the book.

It was error to allow the mayor, who tried the case in the court below, to testify as to what a state witness had testified before him on the original trial in corroboration of her testimony on the appeal trial. It will be noted that three witnesses testified that the sale of whiskey was not made, and that there was only one witness for the state. Under this condition of things, what the state witness testified formerly, in order to corroborate her statement, was inadmissible.

The proceeding was begun by an affidavit, which appears to have been "in the police court, city of Greenwood." It is made before the clerk of the police court by one Miller, who made oath that the appellant, "within the corporate limits of the said city of Greenwood, in the county and state aforesaid," committed the offense, and concludes "against the peace and dignity of the state of Mississippi." We find in the transcript a statement as follows: "Copy of the records of proceedings before W. S. Vardaman, mayor of the city of Greenwood and *ex-officio* justice of the peace of Leflore county, in said city, in the case therein set forth, to-wit: *The City of Greenwood v. Gertrude Washington.*" And the transcript proceeds to show when the warrant was issued, when returnable, etc., and then we have the sentence, which is that the defendant be fined in the sum of "$500 and imprisoned in the city jail for 90 days, and be committed until the fine and costs are paid."

A motion was made to dismiss the cause because the transcript showed a conviction in the court of the justice of the peace for violation of an ordinance of the city of Greenwood, while

the affidavit charged her with the violation of the statute of the state of Mississippi. This motion was renewed in another shape, because the record of appeal showed an affidavit in the mayor's court charging a violation of the statutes of the state, while it also showed that defendant was not convicted of the violation of a state statute, but a violation of a city ordinance. There was also a motion to discharge the defendant because of want of jurisdiction in the court below, and because there was no affidavit charging her with the violation of any ordinance prohibiting the sale of intoxicants. It is plain that the district attorney had grave doubts of the ground he stood on, because, after the trial was over, after the state and defendant had rested, after the jury had retired, while the court was acting on instructions, he asked the court to amend the copy of proceedings certified to by the mayor, and the testimony of the mayor was introduced, in which, as before said, he was erroneously permitted to testify that the transcript which he had certified to was incorrect.

This record presents the fact, to which the attention of the court below was called, that there never had been any arraignment in that trial in the circuit court. On the appeal this was a trial *de novo*, and arraignment was necessary in the circuit court. That court might, at any time during the entire trial, it may be assumed, have had the formal arraignment made, when its attention was called to the fact that it had not been made. It is true that the want of arraignment would not be noticed in this court when the point was not made in the court below; but we are not prepared to say that defendant was not entitled to it on demand, or that, if not made in the court below when the attention of the court was called to it, advantage of it could not be taken of it here.

Under our statutes the mayor may act as police justice to dispose of prosecutions for violations of the city ordinances, which is the police court, and as mayor and *ex-officio* justice of the peace he may hold another court—that is, the regular court of

the justice of the peace—to try prosecutions for violations of the state laws. These two courts are wholly distinct and separate; the police court trying municipal charges, and the court of the justice of the peace state offenses. The record must show clearly what offense was charged and against what power, whether municipal or state, so that there may be a plea of former conviction or former acquittal, which would apply without any question.

By our Code 1906, § 3398, the police justice is required to keep a separate docket as justice of the peace, and it seems the statute was designed to prevent the intermixing of the two powers of the police justice and the justice of the peace. Here the affidavit was clearly an affidavit in the police court of the city of Greenwood, and it is certified by the clerk of the city of Greenwood, "*ex-officio* clerk of police court" of said city. Unmistakably this affidavit was made in the police court before the police clerk, and it charged no offense that the police court could try, because it did not charge a violation of any municipal ordinance.

It appears, also, that the sentence was to confinement in the city jail. It is true that, if the trial was before the mayor as *ex-officio* justice of the peace, the mere nullity of the sentence by confining the prisoner in the wrong jail, and the mere excess of fine, would not materially change results, because, on the appeal trial, proper sentence could be rendered; but the fact of defendant's sentence to imprisonment in the city jail shows the confusion in the two jurisdictions.

Our examination of this case satisfies us that the judgment should be reversed, and the prisoner should be discharged; and it is so ordered.                                    *Reversed.*