JOE MARTINO v. STATE.

[53 South. 777.]

WITNESSES. *Corroboration. Former statements.*

It was error to permit a witness to state over the objection of defendant that he had made a statement to the justice of the peace, the same in substance as his statement to the jury.

FROM the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Joe Martino, appellant, was tried for unlawful retailing, was convicted and appealed to the supreme court.

He sought a reversal of the conviction, principally because of the alleged error of the court in permitting a witness for the state to testify over his objection that the witness had made a statement to the justice of the peace, the same in substance as his statement to the jury.

*J. H. Mize* and *F. W. Elmer,* for appellant.

The court erred in permitting the state to show by the witness Henley that he had.made the same statement before Z. T. Champlin, justice of the peace, as he swore to on the trial of this case.

This is certainly fatal error, most flagrant error for two reasons: First, to so permit the state to bolster up Henley's testimony by having him testify that he had made a corroborating statement at another time and place; and further, if this error did not exist, the statement itself should have been produced, or its absence accounted for, if the testimony on any principle was admissible. We are unable to find any case holding such testimony admissible.

The first case we can find where this court condemned the bolstering up of evidence in such manner is that of *Madden* v. *State,* 56 Miss. 176. In *Williams* v. *State,* 79 Miss. 555, the court said that it is not permissible to introduce previous statements made by the state's witness as corroborative of his own testimony.

The effect of this evidence was that Henley after swearing that what he said was the truth, to corroborate his testimony, testified that he had made the same statement and signed it before Z. T. Champlin, justice of the peace. If this evidence was permissible, then, if Henley had made to fifty others this same statement, it could be shown what statement he made to these fifty others.

This court condemns such testimony in the case of *Owen* v. *State,* 82 Miss. 24.

*James R. McDowell,* assistant attorney-general, for appellee.

There is only one point in the case upon which defendant may hope for a reversal, and that is the action of the court in permitting the district attorney to ask the state's witness if he had not made the same statement before the justice of the peace that he was then making

on the trial. As a general rule, evidence of former·
statements are not admissible to bolster up the testi-
mony of a witness, but in the instant case the testimony
referred to was made before a justice of the peace in his
official capacity and is, therefore, not subject to the gen-
eral objection, which is that evidence of statements on
prior occasions are not admissible in support of the testi-
mony on the trial, for the reason that such former state-
ments are not made under oath and, therefore, are not
testimony of equally high character as that given under
oath on the trial; wherefore, if the evidence on oath
needs bolstering up, it cannot be aided by statements
made by the witness when he was not under oath. This
rule is well laid down by Justice Terrell in 79 Miss. 558,
in the case of *Williams* v. *State*. The other cases cited
by council for appellant are not in point at all, as the
court will readily see from an examination of them; and,
in the Williams case, the former statements were not
made under oath or before an officer. A statement be-
fore the justice of the peace is similar to one made·be-
fore the grand jury. ·

If it had been admitted to contradict this witness as
to a former statement made in writing before the justice
of the peace, such written statement should have been
produced, but this rule has no application ·where the
witness corroborates his former statement and there
is no dispute as to its contents, hence no occasion for
its production. ·

I call attention, also, to the fact that this is an un-
willing witness, and it is necessary to lead him out to
some extent, which seems to have been done under the
general well defined and often approved rule. ·

I confess that the case is not a very strong one, but
from the whole record, I do not feel that the finding. of
the court below should be disturbed. If there was an
error, it was immaterial. It really makes no difference
whether the evidence was or was not admitted, showing

that state's witness had made a similar statement on the hearing before the justice of the peace. It does not help or harm the case against the defendant.

WHITFIELD, C.

The conviction in this case rests solely upon the testimony of the witness Henley, who is flatly contradicted throughout by the defendant. The testimony of this state's witness is so shadowy and vague as to make the case an exceedingly close one on its facts. In this state of the case, the court permitted this witness to state to the jury, over the objection of the defendant, that he had made a statement to Z. T. Champlin, the justice of the peace, which statement he testified was the same in substance with his statement to the jury. This testimony was manifestly incompetent. It could only have the effect of bolstering up the testimony of the witness and strengthening his credibility. We have repeatedly held this sort of testimony incompetent. See the following cases: *Williams* v. *State,* 79 Miss. 555, 31 South. 197; *Johnson* v. *State,* 80 Miss. 798, 32 South. 49; *Washington* v. *State,* 93 Miss. 270, 46 South. 539.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated, the judgment therein is reversed, and the cause remanded.