WILL WADE v. STATE.

[57 South. 222.]

1. CRIMINAL LAW. *Amendment of affidavit. City ordinance. Supreme court.*

Where an affidavit charging the violation of a city ordinance is, on appeal to the circuit court, so amended as to make it charge a violation of the state law it was reversible error.

2. SAME.

In such case the supreme court on appeal from conviction will remand the cause for trial of defendant for the offense charged against him under the ordinance of the city.

APPEAL from the circuit court of Grenada county.
HON. G. A. McLEAN, Judge.

Will Wade was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Cowles Horton,* for appellant.

Under Rule 27 of this court, the learned trial judge has issued an order whereby the original affidavit is before this court for inspection. An examination of this affidavit will disclose the following things: First, that the words "City of Grenada" at one time appeared upon this affidavit at the top thereof, just above the printed word "General Affidavit." Second, that the affidavit was

made by "Claud Hall, Marshal" of the city of Grenada. Third, that it was made before "S. T. Tatum, Mayor, of Grenada, Miss." the written words on the first line of the affidavit. Fourth, that the charge was that appellant "in the city of Grenada, Miss., county and state aforesaid, did on the 23rd day of January, 1910, and other days, unlawfully sell and barter liquors against the peace and dignity of the state of Mississippi, and the ordinances of the city of Grenada, Mississippi." Fifth that the style of the cause then was *"City of Grenada* v. *Will Wade"* on the back of the affidavit, the words "city of Grenada" having been written in ink as are now the words "Will Wade," and having been erased, and with indelible pencil now written "state of Mississippi." Hence we say, that this affidavit certainly originally charged the appellant with an offense against the municipal laws of Grenada, and, as so written, would have sustained a conviction thereof. In other words, we find in this affidavit the two essentials of one charging the violation of a city ordinance, viz., That it was committed within the city limits, that the offense charged is the violation of a city ordinance. This clears it of the defects of the affidavit in the recent case of *McAlister* v. *Moss Point,* 96 Miss. 686, and, under the opinion of the court in that case, this affidavit would have stood the test as charging appellant with having violated the ordinances of Grenada. It will be contended that, even as a state cause, the affidavit should allege the commission of the offense within the territorial limits in order to show jurisdiction in the mayor as justice of the peace. This is true, but cannot save the effect of the conclusion of the affidavit as written, charging and informing appellant that the nature of this cause was that he had violated the municipal laws. Suppose there had been no amendment. Suppose the case had proceeded upon the affidavit as written. The city introduces its ordinance and makes its proof of appellant having violated

it. Would this court hold that the conviction was a nullity under this affidavit? Surely not. The fact that the words "Against the peace and dignity of Mississippi" appear therein has absolutely nothing to do with the validity or invalidity of the affidavit as charging the violation of a municipal law. An examination of the authorities, which are unnecessary to be cited, will disclose that learned lawyers at one time presented to this court the proposition that, under our Constitution, it was even necessary that such affidavits should contain these words, although charging the violation of a municipal ordinance. See, for instance, the case of *Alexander* v. *Town Council*, 54 Miss. 659. It was held, however, that the constitutional provision did not apply to such prosecutions but the mere fact that these words do appear herein does not and cannot affect this affidavit as charging a municipal offense.

It may be argued that the judgment of the original court would indicate that the mayor considered this a state case. That the sentence was that appellant be confined in the county jail, etc. This, however, cannot change the fact that the affidavit, as written, must control. No one will contend that an affidavit can charge one thing and the court's sentence find another thing and thereby control the former. The offense, the charge upon which a defendant is put to trial is that which is preferred against him. If charged with having violated the laws of a municipality, no court can legally convict him of having violated the laws of the state, even though the same act of his violated both laws.

If we are mistaken in the contention that the affidavit charges the violation of a municipal ordinance, we take it that certainly there is some question about the matter which makes it at least so confusing that this court will reverse, under the principles of the case of *Washington* v. *State*, 93 Miss. 271.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The McAllister case, cited by counsel, is not in point, because in that case the affidavit which charged a violation of a municipal ordinance, did not recite the fact that the offense was committed within the borders of the municipality.

Amendments are authorized by statute, and have been for many years. Our own court has held in numerous cases, that where the offense was not changed by an amendment, it was proper, at any time, with the permission of the court, to amend an indictment or affidavit on the trial in the circuit court.

For instance, in the case of *Rocco* v. *State,* 37 Miss. 357, the court permitted in a charge of unlawful retailing the striking out of the words "and to divers other persons."

In *Miller* v. *State,* 53 Miss. 403, the court permitted an amendment by changing the name of Blackman to Blackburn.

In *Garvis* v. *State,* 52 Miss. 207, the district attorney was permitted to insert the initials of the person from whom the property was stolen.

See, also, *Triplett* v. *State,* 80 Miss. 379; *Brown* v. *State,* 81 Miss. 137.

It seems clear, therefore, from a careful reading of the record, that this was treated from the very inception as a state case, and that the offense charged was not changed in the slightest by the amendment which the court permitted. Therefore, the amendment was proper.

There is nothing to indicate that the mayor got his dockets mixed and docketed this case on his mayor's docket instead of his justice of the peace docket. The presumption is that he did the legal thing, and put it on the justice of the peace docket, and he evidently treated it as a state case.

Counsel's contention is that even if he is mistaken in his contention on this point that the affidavit is so vague and indefinite it cannot be told whether the case is a state case or a city case.

In reply to this, I will say that there is nothing vague about it. It is perfectly clear all the way through the record that this is a state case.

In the case of *Washington* v. *State*, 93 Miss. 270, cited by counsel, the record was vague. It will be noted in that case that the affidavit was headed "Police Court, City of Greenwood," and the style of the case was the city of *Greenwood* v. *Washington*, though he is charged with a violation of law "against the peace and dignity of the State of Mississippi," and not a violation of a municipal ordinance, and he is then sentenced to the city jail. The Washington case was vague. The mayor got his wires crossed in many places, and alternated between his powers as mayor and justice of the peace many times. Nothing of the sort occurred in the instant case.

WHITFIELD, C.

The affidavit in this case was manifestly an affidavit charging an offense against the ordinances of the city of Grenada. The words "City of Grenada" were in the caption of the affidavit originally, and stricken out. The affidavit was a general form of affidavit, intended to be used when charging an offense against the state. The affidavit in full is as follows:

General Affidavit.

The State of Mississippi, Grenada County.

Before me, S. T. Tatum, Mayor of Grenada, Miss., Justice of the Peace of the County aforesaid, Claud Hall, Marshal, on information and belief, makes oath that Will Wade, in the city of Grenada, Miss., County and State aforesaid, did on the 23rd day of January, 1910, and other days unlawfully sell and barter intoxicating

liquors against the peace and dignity of the State of Miss.

Claud Hall, (Marshal.)

Sworn to and subscribed before, this the 21st Day of Feb., 1910.

S. T. Tatum, Mayor & Ex. Of.
Justice of the Peace———District.

No. ....
General Affidavit. •

State of Mississippi
vs.
Will Wade.

*Affidavit of*
Claud Hall, Marshal,
Before Justice of the Peace.

Filed Feb. 21, 1910.
J. P. ——— District.

Filed July 1st, 1910.
E. M. Ransom,
Clerk.

The words "Mayor of Grenada" were in writing, not in print. The affidavit was made by the marshal of the town, and it was sworn to before S. T. Tatum, mayor and *ex officio* justice of the peace. It seems that on the back of the affidavit the words "City of Grenada" were stricken out, and the words "State of Mississippi" substituted. The conclusion in the body of the affidavit

originally was "against the peace and dignity of the State of Miss. and the ordinances of the City of Grenada, Miss." These last words, "and the ordinances of the City of Grenada, Miss.," were stricken out. All these changes in the affidavit were made in the circuit court by way of amendment, over the objection of the defendant. The appellant insists, and rightly, that these amendments changed the offense with which he was charged. The case of *Washington* v. *State,* 93 Miss. 271, 46 South. 539, is conclusive of this case. Taken in connection with the case of *Johnson* v. *State,* 59 Miss. 543, and *Ex parte Bourgeois,* 60 Miss. 663, 45 Am. Rep. 420, the appellant should have been tried under the affidavit as originally framed for the alleged offense against the ordinances of the city of Grenada.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed and the cause remanded, for the trial of the defendant for the offense charged against him under the ordinances of the city of Grenada.

*Reversed and remanded.*

Suggestion of error filed by the state and overruled.