## WILL THOMAS *v.* STATE.

[57 South. 364.]

1. CRIMINAL LAW. *Judicial notice. Municipal ordinance.*

Courts will not take judicial notice of municipal ordinances. They must be introduced on the trial.

2. MUNICIPAL ORDINANCES. *Appeal to circuit court.*

Where a criminal case is tried in a mayor's court for a violation of a municipal ordinance, it cannot be tried on appeal in the circuit court as a violation of the state law.

3. SAME.

In such case the proper disposition of the case in the supreme court is to reverse the judgment, and remand the case, to be proceeded with as a prosecution by the city.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Will Thomas was convicted of the unlawful sale of liquor in the town of Clinton and appeals.

The facts are fully stated in the opinion of the court.

*Lamar F. Easterling,* for appellant.

The question to be determined is, was the defendant being prosecuted for a violation of the ordinance of the town of Clinton or for an offense against the state of Mississippi? If this was a prosecution by the town of Clinton for an alleged violation of the ordinances of the town of Clinton, then it was error for the court to overrule the motion in arrest of judgment for there could be no legal conviction for the violation of the town ordinance without proof of the ordinance under which the prosecution was taken. It has been held repeatedly by this court that the court will not take judicial notice of municipal ordinances. *Naul* v. *McComb City,* 70 Miss.

699, 12 South. 903; *Spears* v. *Osyka,* 90 Miss. 790; *Allen* v. *City of Jackson,* 53 South. 498.

If it should be held that the affidavit in question charged a violation of the laws of the state of Mississippi and was a state case, then appellant was not tried for such offense in the mayor's court and the circuit court had no jurisdiction of the case at all, but should have promptly dismissed the case. The circuit court had only such jurisdiction as it acquired on appeal and no other.

Looking at the affidavit in question it will be seen that it is impossible to tell from the affidavit whether this was a prosecution for violation of the state laws or for ordinance of the town of Clinton and on the authority of *Washington* v. *State,* reported in 93 Miss. 270, it was the duty of the court to have dismissed this proceeding and discharged appellant because the record failed to show what offense was charged and against what power.

*Frank Johnston,* assistant attorney-general, for appellee.

The style of the case was *"Town of Clinton* v. *Will Thomas."* An appeal was taken to the circuit court of Hinds county at Jackson. There the case was proceeded with as a state case.

On the trial in the circuit court, the ordinances of the town of Clinton were not introduced in evidence. It appears to have been tried under the general state law. There was a conviction on the appeal in the circuit court.

A motion in arrest of judgment presents the questions for the decision on the present appeal. The mayor of Clinton testified that he tried the case, as mayor, under the ordinances of the town.

The questions for decision here are:

(1) Could there have been a conviction, treating the case as an appeal from the judgment of the mayor's court, without any evidence in the circuit court of the ordinances of the town?

(2)   Can the court judicially take notice of municipal ordinances?

(3)   Did the circuit court have the authority on the appeal from the mayor's court to convert the case into a prosecution by the state and try the accused for a violation of the general law of the state?

(4)   On the failure to introduce the ordinances of the town of Clinton on the trial *de novo* in the circuit court, could there have been a valid conviction of the accused?

WHITFIELD, C.

The affidavit in this case is as follows:

"Before me, the undersigned, mayor of Clinton, and ex officio justice of the peace of said county in the town of Clinton, in justice's district No. 1, said county and state, N. M. McClennon on information makes affidavit that Will Thomas, on or about June 4, 1911, in the county aforesaid, in the justice's district and in the town of Clinton, did willfully and unlawfully sell vinous, malt, spirituous, and intoxicating liquors, against the ordinances of the town of Clinton in such cases made and provided, against the peace and dignity of the state of Mississippi.

"N. M. McCLENNON.

"Sworn to and subscribed before me this 4th day of June, 1911.  R. R. Hardy, Mayor & Ex. Off. J. P."

In the mayor's court the appellant was convicted and sentenced to pay a fine of one hundred dollars and to serve thirty days in the town calaboose.  On the mayor's docket the case was styled *"The Town of Clinton* v. *Will Thomas,"* and this was shown in the transcript of the proceedings sent up to the circuit court by the mayor. The case was proceeded with in the circuit court as a case against the town of Clinton until the prosecution rested its case. . Counsel for the defendant then requested that the court decide whether this was a prosecution by the town of Clinton or by the state of Mis-

sissippi. The court held that it was a prosecution by the state, and it was so proceeded with to the end. The defendant was convicted in the circuit court, whereupon the defendant filed a motion in arrest of judgment, one of the grounds of which was that the court erred in holding this to be a prosecution of the defendant under the state laws, and the appellant afterwards filed his motion for a new trial.

The ordinances of the town of Clinton were not introduced. This court has several times held that it will not take judicial notice of municipal ordinances. Without the ordinances, therefore, there could have been no conviction in the circuit court, if the prosecution was by the town of Clinton.

It is perfectly evident that the case was proceeded with in the mayor's court as an offense against the town of Clinton, and, if so, manifestly the circuit court had no other jurisdiction than to try it in the circuit court as it had been tried in the mayor's court. We think it is clear from the record that this was a prosecution by the town of Clinton, and the case must necessarily be reversed, for the reasons indicated on the authority of *Washington* v. *State,* 93 Miss. 270, 46 South. 539.

But we do not concur in the conclusion reached in the case of *Washington* v. *State,* as to the judgment which should be rendered here. We think the proper disposition of the case is to reverse the judgment and remand the case, to be proceeded with as a prosecution by the town of Clinton.                  *Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded, and the prisoner will be held to answer as for an offense against the town of Clinton; the circuit court amending the affidavit accordingly.