WRIGHT *v.* CITY OF BELZONI.

(Division B. April 1, 1940.)

[194 So. 919. No. 33964.]

**L. G. North,** of Belzoni, for appellant.

No counsel for appellee.

**McGehee, J.,** delivered the opinion of the court.

Upon an affidavit made before R. L. Nelson, Jr., as "police justice and ex-officio a justice of the peace," charging him with an offense "against the peace and dignity of the State of Mississippi and the ordinances of the City of Belzoni," the appellant was arrested under a warrant which commanded the executing officer to have him before the "police justice and ex-officio justice of the peace of the City of Belzoni" to answer the charge contained in the affidavit, and was thereafter convicted of said charge and sentenced "to pay a fine of $100 and all costs of court, and also to serve no days on the county farm." Although no jail sentence was imposed, the judgment further recites that "the jail sentence herein imposed be suspended during good behavior of said defendant and on the payment of the fine and costs imposed, for which let execution issue." The judgment of conviction and sentence is signed by R. L. Nelson, Jr., as "mayor and police justice." From that conviction an appeal was taken to the Circuit Court of Humphreys County where the appellant was again convicted of being "guilty as charged,"—that is to say, of having committed an offense "against the peace and dignity of the State of Mississippi and the ordinances of the City of

Belzoni.'' The judgment of the circuit court recites that the defendant shall ''pay a fine of $100.00 and all costs and that he serve a term of thirty days in jail,'' without specifying whether he shall pay the fine to the county or to the City of Belzoni, or whether he shall serve the thirty days in the county or the city jail.

Section 2535 of the Code of 1930 provides that a police justice shall have jurisdiction to hear and determine all violations of the municipal ordinances and to punish offenders therefor as may be prescribed. That he shall also serve as ex-officio justice of the peace in all cases arising within the corporate limits of the municipality, and he shall discharge his duties as such. He is required to keep a separate docket as justice of the peace. Section 2424 of the Code of 1930 authorizes the imposition of penalties for violations of city ordinances of ''not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both.'' The offense charged in the instant case was the unlawful sale of intoxicating liquors, wherefor a justice of the peace may, under Section 1974 of the Code of 1930, in his discretion impose a fine of as much as $500, or imprisonment in the county jail for as long as three months, or both.

In the case of Washington v. State, 93 Miss. 270, 46 So. 539, 540, the Court said:

''Under our statutes the mayor may act as police justice to dispose of prosecutions for violations of the city ordinances, which is the police court, and as mayor and ex officio justice of the peace he may hold another court—that is, the regular court of the justice of the peace—to try prosecutions for violations of the state laws. These two courts are wholly distinct and separate; the police court trying municipal charges, and the court of the justice of the peace state offenses. The record must show clearly what offense was charged and against what power, whether municipal or state, so that there may be a plea of former conviction or former acquittal, which would apply without any question.

"By our Code 1906, Sec. 3398, the police justice is required to keep a separate docket as justice of the peace, and it seems the statute was designed to prevent the intermixing of the two powers of the police justice and the justice of the peace."

Where, as was held in the case of Washington v. State, supra, "the mayor may act as police justice to dispose of prosecutions for violations of the city ordinances, which is the police court, and as mayor and ex officio justice of the peace he may hold another court—that is, the regular court of the justice of the peace—to try prosecutions for violations of the state laws," it is now the law that if a municipality has created the office of a police justice, separate and apart from the office of mayor, such police justice may act as such in trying charges for violations of the city ordinances, and as police justice and ex-officio justice of the peace in trying prosecutions for violations of the state laws. But there is so much confusion in the case at bar of the two jurisdictions, as shown in the recitals of the record here involved, that it is rendered doubtful whether a plea of former conviction or former acquittal would be good if another prosecution for the same sale of the intoxicating liquor in question should be instituted in either court against the appellant. A defendant might be guilty of an offense against the peace and dignity of the State of Mississippi which is likewise an offense against a municipal ordinance. On the other hand, he may be guilty of violating a municipal ordinance without committing an offense against the peace and dignity of the State of Mississippi. Then, too, different maximum penalties may be imposed.

This particular point of confusion was not raised in the court below by the appellant, and he is not therefore in a position to complain that he was not given a peremptory instruction on that ground. However, we are unable to determine from this record whether, upon an affirmance of the judgment, the sheriff would be entitled to collect the fine for the county and imprison the

appellant in the county jail, or whether the City of Belzoni would be entitled to collect the fine and imprison the appellant in the city jail for the time prescribed.

Moreover, while the witnesses testified that they lived in the City of Belzoni and that the offense was committed at "Jerry Thomas' place, up in the North end of town," without stating in so many words what town, we think that the venue should be more clearly established; and which, together with a clarification of the proceedings and judgment by amendments (if the same can be done under well-recognized legal principles and the governing statutes), so as to enable the appellant to be in position to make a plea of former conviction or former acquittal against a further prosecution for violation either of the city ordinance or the state laws—that is to say, against one or the other—may be accomplished upon a new trial of the case.

Reversed and remanded.