528 So.2d 1125 (1988)
Josephine SARTAIN
v.
CITY OF WATER VALLEY, Mississippi.
No. 57928.
Supreme Court of Mississippi.
July 13, 1988.
Omar D. Craig, Oxford, for appellant.
John J. Crow, Jr., Water Valley, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
Josephine Sartain was convicted in the municipal court of the City of Water Valley, Mississippi, of the misdemeanor of disturbing the peace, whereupon she was sentenced to five months imprisonment and to pay a fine of $483.00. On appeal to the Circuit Court of Yalobusha County, Sartain argued that the charging affidavit was insufficient in law because it did not reflect a prosecution brought in the name of the State of Mississippi nor did it charge an offense against the peace and dignity of the State of Mississippi. The Circuit Court rejected the point and the case has been brought here. In substantial part we affirm.

II.
State law declares a misdemeanor offense of "disturbance of the peace, or the peace of others." Miss. Code Ann., § 97-35-15(1) (1972). State law further empowers municipal courts to hear and determine all violations of municipal ordinances and state misdemeanor laws made offenses against municipalities. Miss. Code Ann. § 21-23-7(1) (Supp. 1987). The City of Water Valley has authority to declare as offenses against it conduct declared unlawful as misdemeanors under the laws of the state. Miss. Code Ann. § 21-13-19 (1972). Pursuant to this latter statute, the Mayor and Board of Aldermen of the City of Water Valley on August 2, 1966, enacted an ordinance with the following effect:
All offenses which are misdemeanors against the laws of the State of Mississippi are hereby made and declared to be and shall be and constitute offenses against the City of Water Valley, Mississippi, *1126 when committed within the corporate limits of said city. Upon conviction ...; but in no case shall the punishment exceed a fine of $300.00 or imprisonment in jail for more than 90 days, or both such fine and imprisonment.
All of this was law when Barron Caulfield, Jr., on July 28, 1985, appeared before the Mayor of the City of Water Valley and made the following affidavit:
 AFFIDAVIT FOR BENCH WARRANT  CODE SEC. 2260
 THE STATE OF MISSISSIPPI
 City of Water Valley
 Yalobusha County
Before me, Hamric Henry, Mayor, City of Water Valley aforesaid in the City of Water Valley, Barron Caulfield, Jr. makes affidavit on information that Mrs. Doyle (Josephine) Sartain on or about the 28th day of July, 1985, did willfully and unlawfully disturb the peace of Barron Caulfield, Jr. on Young Street in the City of Water Valley, Mississippi, by using indecent and offensive language in that she said "God Damn low down Trash" and "Crazy as Hell", "Liars and Whores", "you can't do a damned thing", "God Damn Fools", and "Son-of-a-Bitch" Disturbing the Peace (97-35-15)
against the lawful ordinances of the City of Water Valley, Mississippi
 /s/ Barron Caulfield, Jr.
Sworn to and subscribed before me, this 28th day of July, 1985.
 /s/ M. Hamric Henry
 Hamric Henry, Mayor
 City of Water Valley[1]
Under this affidavit Sartain[2] has been arrested, prosecuted, and convicted.

III.
Sartain (mis)argues that the Circuit Court was without jurisdiction. Of course, the Circuit Court has subject matter jurisdiction, appellate variety, of appeals of misdemeanor convictions had in the Municipal Court of the City of Water Valley. The question presented is whether the charging affidavit is so deficient that it conferred no authority upon the City to mount the prosecution. Sartain maintains that the affidavit is so deficient and calls our attention to Miss. Const. Art. 6, § 169 (1890), which reads:
The style of all process shall be "The State of Mississippi," and all prosecutions shall be carried on in the name and by authority of the "State of Mississippi," and all indictments shall conclude "against the peace and dignity of the state."
Sartain argues specifically that the present prosecution was required to have been brought in the name of the State of Mississippi. She cites the same constitutional section and argues that the affidavit was required to state that the offense was "against the peace and dignity of the state."
The simple answer is that Section 169 as a matter of common sense does not and should not apply literally to prosecutions for violations of municipal ordinances in municipal courts. In the case at bar the prosecution has neither in fact nor in law been brought by the State of Mississippi; it has been brought by the City of Water Valley. The offense charged is not one against the peace and dignity of the State; rather, it is an offense against the ordinances of the City of Water Valley. To say otherwise would be highly misleading.
In the case of Alexander v. Town Council of Greenville, 54 Miss. 659 (1877), this Court, interpreting Article 6, Section 18, of the Mississippi Constitution of 1869, which *1127 is almost identical to Article 6, Section 169, of our present constitution, said:
"The Constitution (Article 6, Section 18) has reference to criminal prosecutions for violations of the laws of the State, and not to the recovery of penalties for violations of town ordinances". (Emphasis added)
Alexander, 54 Miss. at 663.
Sartain cites numerous cases construing Section 169 but most of these involve prosecutions originating in justice courts. See e.g., Love v. State, 8 So. 465 (Miss. 1891); State v. Morgan, 79 Miss. 659, 31 So. 339 (1901). The few that do make reference to city prosecutions upon close reading support affirmance. See, e.g., Washington v. State, 93 Miss. 270, 277, 46 So. 539, 540 (1908); Wade v. State, 100 Miss. 802, 808, 57 So. 222, 223 (1911). In McAlister v. City of Moss Point, 96 Miss. 686, 687, 51 So. 403, 404 (1910), the court threw out an affidavit filed in the Mayor's Court which concluded with the words "contrary to the statute and against the peace and dignity of the State of Mississippi." Among other reasons, the court cited:
This affidavit is fatally defective... . It does not charge the violation of any municipal ordinance....
Sartain relies heavily upon language from State v. Morgan, in which this Court said:
These provisions (Section 169) of the Constitution serve the great purpose of making a distinction between public prosecution, instituted in vindication of public justice, and a private prosecution, conducted from private motives and from personal feelings  a purpose worthily enthroned in the organic law.
79 Miss. at 661, 31 So. at 338-339.
This purpose is clearly met by the present affidavit. It reflects in whose authority the prosecution has been brought: the municipal corporation of the City of Water Valley. This is a public prosecution and not a private one. The point is confirmed by the charge that Sartain's offense "was against the lawful ordinances of the City of Water Valley, Mississippi." Though its authority is derived from the state, a municipality is a separate governmental entity being within its sphere empowered to mount public prosecutions. In this case it has done so in conformity with all of the law that we know of. On the principal points raised on this appeal, we affirm.

IV.
We notice a point of plain error. City of Water Valley has mounted a prosecution under the lawful ordinances of the Mayor and Board of Aldermen. The city has called to our attention the ordinance of August 2, 1966, which constitutes as offenses against the City of Water Valley all misdemeanors under the laws of the State of Mississippi when the acts giving rise to such offenses are committed within the corporate limits of Water Valley. That ordinance goes further to provide that
In no case shall the punishment exceed a fine of $300.00 or imprisonment in jail for more than 90 days, or both such fine and imprisonment.[3]
The record before us reflects that Sartain has been sentenced to a term of five months imprisonment and to pay a fine of "$483.00 including assessments." The sentence is quite clearly in excess of that authorized under the ordinance of August 2, 1966. That sentence, accordingly, is vacated.
The case is remanded for resentencing not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] Nothing said here considers the question whether the conduct set forth in the affidavit in law constitutes the crime of disturbing the peace. That point has not been raised on this appeal and we include this note to emphasize that we do not address the question here.
[2] This was hardly Sartain's maiden judicial voyage. See, e.g., Sartain v. Caulfield, 465 So.2d 999 (Miss. 1985) (memorandum of decision); Sartain v. State, 406 So.2d 43 (Miss. 1981); Sartain v. White, 388 So.2d 884 (Miss. 1980) (memorandum of decision); Sartain v. White, 377 So.2d 1060 (Miss. 1979) (memorandum of decision); Sartain v. Sanders, 358 So.2d 1327 (Miss. 1978) (memorandum of decision); and Sanders v. Sartain, 353 So.2d 1144 (Miss. 1978) (memorandum of decision).
[3] The City has authority to raise the maximum fine to $1,000.00, and the maximum period of incarceration to six months. Miss. Code Ann. § 21-13-19 (Supp. 1987). Nothing in the record before us, however, reflects any amendment to the August 7, 1966, ordinance under which this prosecution has been had.