ANDERSON *et al. v.* STATE.

(Division A.   Jan. 1, 1934.)

[151 So. 558.   No. 30789.]

I. Semmes Luckett, Pat D. Holcomb and E. W. Smith, all of Clarksdale, for appellants.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellants were indicted and convicted under chapter 328, Laws 1932, which provides that "every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years." The indictment, omitting the formal parts, alleges that the appellants "did, then and there, in and upon one Wong Fong, wilfully, unlawfully, feloniously, and violently an assault did make, by the use and exhibition of a certain

deadly weapon, to-wit: a pistol, with the wilful and felonious intent and attempt of them, the said Sam Anderson and George Evans, to then and there wilfully, feloniously, and violently take, steal, and carry away the personal property of the said Wong Fong, from the person and in the presence of the said Wong Fong, and against the will and by violence to the person of the said Wong Fong, and by putting him, the said Wong Fong, in fear of immediate injury to his person, by the use of and by exhibiting a deadly weapon, to-wit: a pistol, they, the said Sam Anderson and George Evans, did, then and there, wilfully, unlawfully, violently, and feloniously attempt to rob, take, steal, and carry away.''

The evidence discloses that two Chinamen, Wong Fong and Wong Sing, were engaged in the mercantile business. Between seven and eight o'clock on the night of September 12, 1932, there were present in the house in which the mercantile business was conducted the two Chinamen and a negro by the name of Louis Ewing. The house was lighted, but closed. The appellants came to the back door and called, ''Hey;'' Wong Sing inquired who was there, and the appellants replied, ''Nobody to hurt you,'' and asked for a package of Chesterfield cigarettes. Wong Sing procured the cigarettes, went to the door and opened it, whereupon one of the defendants said ''Put 'em up,'' and immediately one of them shot Wong Sing, who fell out of the door onto the ground. The appellants then entered the store and commenced to shoot Wong Fong, when Ewing, the negro, interfered, and was also shot by them. None of them was killed. Immediately upon the cessation of the firing, and without more ado, the appellants left the store and disappeared for the time being.

Two of the assignments of error are that the court below erred in refusing to grant appellants a directed verdict and in overruling their motion for a new trial. One of the grounds of the motion is that the verdict is not supported by the evidence. In order to support a conviction

under the statute, it must appear that the appellants committed the assault with the felonious intent to take personal property of Wong Fong from him, or in his presence. The evidence wholly fails to disclose such an intention. The appellants seem to have done all they intended to do, and to infer from the evidence a further intent would be the merest speculation. The evidence does not support the verdict, but the request for a directed verdict was properly refused, for the allegations of the indictment include a charge of assault, and the evidence would sustain a conviction therefor.

Reversed and remanded.