ANDERSON *et al. v.* STATE.

(Division A.   Oct. 1, 1934.)

[156 So. 645.   No. 31410.]

Semmes Luckett and Pat D. Holcomb, both of Clarksdale, for appellants.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

These defendants were before this court on a former appeal, 168 Miss. 424, 151 So. 558, wherein they were convicted on an attempt to rob with firearms, and sentenced to be hanged. The case was reversed and remanded, whereupon they were indicted for assault and battery with intent to kill and murder, tried and convicted, and sentenced to serve a term of ten years in the state penitentiary.

There were three persons shot on the same occasion: Lewis Ewing, a negro; Wong Fong, a Chinese; and his son, Wong Sing. This latter indictment charged an as-

sault with intent to kill and murder, in the shooting of Lewis Ewing, a negro.

Wong Fong and his son, Wong Sing, operated a grocery store at Green Grove, a community in Coahoma county. On the night of the shooting, Lewis Ewing had promised to take Wong Sing to Bobo. Around seven o'clock he left his room and went to the store of the Chinese. While the Chinese were eating their supper, Ewing sat nearby waiting for them. The doors of the store were locked. Just a few minutes after he had arrived, the defendants, Sam Anderson and George Evans, appeared at the back of the store and asked for a package of cigarettes. Wong Sing got the cigarettes, unlocked the back screen door, and passed the cigarettes out to them, whereupon Sam Anderson jerked the door open and shot Wong Sing, and came on into the store shooting, and wounded Wong Fong. At the same time Ewing intercepted Anderson in an attempt to prevent him from further shooting Wong Fong, and while he was scuffling with Anderson, George Evans came up and shot him three times.

Both of the defendants were positively identified by Lewis Ewing in his testimony. Wong Fong positively identified Anderson, but could not identify George Evans, who came into the store just after Anderson had shot and wounded Ewing.

Hunter Scott, a policeman of Clarksdale, testified that he and another arrested the defendants shortly afterwards in the city of Clarksdale; that he and Birdsong, another officer, took three negroes, two of them being the defendants in this case, before Lewis Ewing, and that Ewing pointed out and identified the defendants as being the persons who shot him and the two Chinese; and that this statement was made within the hearing and presence of the defendants.

The defense interposed was an alibi supported by the testimony of the two defendants, and two negro women

inmates of a certain rooming house in Clarksdale where the defendants were arrested.

The defendants testified that they were not present in the store where the shooting took place, and, in rebuttal, the state introduced a witness, James Moulton, who stated that he had seen the defendants in the store but at a time and on a day prior to the shooting.

1. Appellants, the defendants, first urge that Sam Anderson was entitled to a peremptory instruction. There is no merit in this contention. While Ewing, the injured man, was trying to prevent Anderson from shooting the old Chinese, Evans ran up and shot Ewing. The fact that Anderson did not actually fire the shot under the circumstances of this case does not render him any the less guilty when the jury was warranted in concluding that the two appellants were acting together, the one aiding and abetting the other in shooting the two Chinese and Ewing. The act of either defendant was the joint action of both. Evans, in firing, was aiding and abetting Anderson in carrying out what appeared to be a wholesale killing of the occupants of the store, and Anderson was there and on hand to take part in whatever crime that was to be committed. See Cody v. State, 167 Miss. 150, 148 So. 627; Clark v. State, 113 Miss. 201, 74 So. 127; McCoy v. State, 91 Miss. 257, 44 So. 814; Harper v. State, 83 Miss. 402, 35 So. 572. The acts of Anderson show that he was there to commit a crime, and the act of Evans also, in that he joined in and participated with Anderson in the commission of the crime. The evidence was ample to warrant Anderson's conviction.

2. It is next contended that the court erred in admitting, over the objection of appellants, the evidence of the shooting of Wong Fong and Wong Sing by Anderson. The Chinese, with Ewing, were shot down within a very short space of time—as fast as the persons operating the pistols could fire them—and the shooting of these three men was so closely connected as not to be separable.

The main transaction, i. e., the shooting of Ewing by Anderson, could not be shown intelligently without showing the facts in connection with the shooting of Wong Fong and Wong Sing. It was all one transaction. The three crimes were so closely connected that each was a part of the res gestae of the other.

The proof of another offense is admissible where the main transaction cannot be brought out without showing such other offenses. Simmons v. State, 165 Miss. 732, 141 So. 288, and Mackie v. State, 138 Miss. 740, 103 So. 379, and the authorities therein cited.

The next, and most serious, assignment of error urged by the appellants is that the court below erred in permitting the testimony of Scott and Birdsong to go to the jury, which was to the effect that they had taken the two defendants to the place where Ewing, the main state witness, was in bed from the effect of the shooting, and that Ewing then and there identified them as the persons who participated in the shooting. Their objection was that Ewing's statement was not made under oath, that it was hearsay evidence, and, therefore, inadmissible. It is the general rule that hearsay evidence is not admissible in evidence, though there are exceptions to the rule. If a party out of court accuses another of crime or makes statements against him, in the hearing of a third party, and the accused remains silent, or does not deny the accusation or statement affecting vitally his interest under certain conditions, the hearsay evidence of the third party as to the statement out of court is competent. But it is permitted to go into the record as evidence only upon the presumption that the silence or failure to deny, on the part of the accused, is an admission. The rule is aptly stated in Enc. of Ev. vol. 1, p. 367: "So the silence of a party when a statement is made in his presence, against his interest, and is heard and understood by him, and is made in such way as to call upon him to

deny it, if untrue, and the facts are within his knowledge, and the statement is made under such circumstances as naturally to call for a reply, amounts to an admission of the truth of the statement made, and may be sufficient to establish the fact as against him." See, also, Riley v. State, 107 Miss. 600, 65 So. 882, L. R. A. 1915A, 1041. This record is barren of any effort to show what either of the defendants said or did when they were pointed out and identified as the guilty parties.

This court has consistently condemned the practice of undertaking to bolster up the testimony of a witness on the stand, and to strengthen his credibility by proof of his declarations to the same effect as sworn to by him out of court. See Williams v. State, 79 Miss. 555, 31 So. 197; Johnson v. State, 80 Miss. 798, 32 So. 49; Owens v. State, 82 Miss. 18, 33 So. 718, 21 L. R. A. (N. S.) 782; Washington v. State, 93 Miss. 270, 46 So. 539; Martino v. State, 98 Miss. 355, 53 So. 777; Moore v. State, 102 Miss. 148, 59 So. 3; Byrd v. State, 154 Miss. 742, 123 So. 867.

The state seeks to avoid the effect of these decisions by presenting two arguments: First, that the argument presented here by the appellants is upon a different theory from that presented to the lower court; in other words, that the objection which we have mentioned above did not present to the court the question here now presented. Of course, an objection may not be made upon one ground in the lower court and be presented upon another entirely different theory in this court; and this is sustained by many cases, some of which are Marley v. State, 109 Miss. 717, 69 So. 210; Conwill v. State, 147 Miss. 118, 112 So. 868; Duckworth v. Town of Taylorsville, 142 Miss. 440, 107 So. 666. The ground of the objection was that it was hearsay evidence, and that all other objections were thereby waived.

We are of the opinion that the evidence was hearsay, and that the proof, at the time the objection was made

and subsequent thereto, never did create what could possibly be construed as an admission on the part of the defendants; so that the objection to the evidence as presented was correct. The officers, Scott and Birdsong, were never asked whether or not the defendants made a response to the statement of Ewing or whether they remained silent. The record is barren of any evidence on this point. The attorney-general, however, makes this statement in his brief, "from the record it appears that they did not deny the accusation" of Ewing, and upon that statement cites the cases of Lee v. State (Miss.), 148 So. 627, not reported [in State report]; Irving v. State, 92 Miss. 662, 47 So. 518. We have carefully examined the evidence, and it appears that the defendants testified, on this particular point, that they were taken before Ewing, this state witness, while he was in bed suffering from his wounds, and upon his being asked if they were the men who did the shooting, he shook his head and said, "These are nice gentlemen." But in the examination of the two defendants, no question was asked which elicited, or tended to elicit, any statement as to whether or not they stood silent or denied any accusation which was preferred against them.

In Miller v. State, 68 Miss. 221, 8 So. 273, the incriminatory accusation made out of court by a witness was held by the court to have been *undenied* when made in the presence and hearing of the accused, and of course was held to be competent.

The state in this case was the proponent of the evidence, and in our opinion the burden of proof was upon it to come within the rule that makes a statement out of court by a third party an admission on the part of the accused. In Wigmore on Evidence, vol. 2, sec. 1071, p. 1255, it is said: "But the burden is in practice generally left upon the proponent to show that the requisite conditions existed; though the middle course is sometimes

taken of leaving the question to the jury.'' In our opinion it was necessary to show, in this case, that the accusation made against the appellants stood undenied by them at the time they were pointed out as the guilty parties.

The testimony of these two officers, under the circumstances, should not have been admitted. The identification of both appellants had been sworn to positively by Ewing, the injured party. Anderson also had been identified by Wong Fong, another injured party. The appellants denied that they committed the crime. In addition, the appellants introduced evidence of two other witnesses which tended to support their alibi. In the state of this record we cannot say that the error in permitting the evidence of Scott and Birdsong to go to the jury was harmless. An additional burden was placed upon the appellants by the influence of the officers and the fact that the identification was made out of court very soon after the crime under investigation was committed. It may be that upon another trial the state will be able to meet the burden placed upon it to show that it was an admission under the rules here announced. This case will be reversed and remanded for another trial.

Reversed and remanded.