321 So.2d 309 (1975)
Eddie PRESLEY
v.
STATE of Mississippi.
No. 48726.
Supreme Court of Mississippi.
November 3, 1975.
Rehearing Denied December 8, 1975.
Stone & Graham, Thomas L. Segrest, Columbus, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER AND WALKER, JJ.
WALKER, Justice.
The appellant was indicted and convicted of robbery in the Circuit Court of Lowndes County, Mississippi, and from a sentence of twelve years in the State Penitentiary, he prosecutes this appeal. We affirm.
The relevant facts disclosed by the evidence were as follows: Ize Curry, the victim, stated that he and his two sons were out for a walk on July 4, 1973, when they met the appellant and three male companions who began to follow them; that the appellant Presley picked up an iron milk crate, grabbed Curry by the collar, and demanded that Curry give him $2.00; and when Curry refused, appellant hit him on the side of the head with the milk crate and beat him in the face with his fists rendering the victim unconscious. Curry testified that upon regaining consciousness, the appellant was sitting on him with his fingers about his throat and going through his pockets. Curry stated that the appellant took his wallet.
Robert and Chris Curry, the victim's sons, corroborated the testimony of their father, with Chris Curry adding that he saw the appellant divide the money from his father's wallet with his companions.
*310 The appellant, taking the stand in his own behalf, testified that one of his companions, Johnny Ray, became engaged in an argument with Ize Curry; that he (appellant) grabbed Curry by the collar while Ray hit him from behind knocking Curry to his knees. The appellant related: "I got down on the man. I hit him, too, for nothing, no reason at all. I hit him... . I hit him three times, not with my fists, not with a drink carton. No one else hit him with a drink case."
The appellant testified that he did not know who took Curry's wallet, denied taking any money, insisted that he was not given any share of it, and that he did not ever intend to rob Curry.
The appellant assigns as error the lower court's refusal to grant his requested Instruction No. 8. This instruction reads as follows:
The Court instructs the jury for the defendant that if you believe beyond a reasonable doubt from all the evidence in this case that the defendant, Eddie Presley, struck Ize Curry, without provocation, and not in necessary self defense, then you shall find the defendant, Eddie Presley, guilty of assault and battery.
Mississippi Code Annotated section 99-19-5 (1972) provides:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
The state or the defendant may, in cases contemplated by the statute, request that the jury be instructed pursuant to the above section.
Robbery is defined by Mississippi Code Annotated section 97-3-73 (1972) as follows:
Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.
It is evident from a reading of the above statute that assault and battery is a lesser-included offense (sometimes referred to as constituent offense) of robbery; and, it is generally so held. Bewley v. State, 247 Ind. 652, 220 N.E.2d 612 (1966); Watkins v. Commonwealth, 287 S.W.2d 416 (Ky. 1956); Blanton v. Commonwealth, 265 Ky. 173, 96 S.W.2d 440 (1936); State v. Wenrich, 251 N.C. 460, 111 S.E.2d 582 (1959); State v. Parsons, 18 Ohio App.2d 123, 247 N.E.2d 482 (1969). Also see Anderson v. State, 168 Miss. 424, 151 So. 558 (1934).
However, it is not error for the court to refuse instructions that do not properly state the law demanded by the facts of the case or are misleading or confusing. The appellant's requested instruction, Number 8, ignored the charge of robbery and the evidence supporting that charge. It would have had the effect of "short circuiting" the charge of robbery and was therefore properly refused.
The method of submitting an instruction dealing with a lesser-included offense varies with each case. In some cases it may be sufficient simply to point out that the lesser offense is the same except for the absence of some specific element. In others it may be necessary to include all the essential elements of the included offense as was done for the principal charge. However, the jury should not be instructed as to a lesser-included offense in such a way as to ignore the primary charge as this would be confusing to the jury. It is also true that if the evidence does not justify *311 submission of a lesser-included offense, the court should refuse to do so. Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law.
We have carefully considered the evidence in this case and are of the opinion that no fair-minded jury could have reached any other conclusion than that the defendant was guilty of robbery beyond a reasonable doubt. The case is therefore affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.