375 So.2d 419 (1979)
Dewey GRACE
v.
STATE of Mississippi.
No. 51496.
Supreme Court of Mississippi.
October 3, 1979.
Wilbourn & Rogers, Richard E. Wilbourn, Don O. Rogers, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
Dewey Grace was charged by indictment with aggravated assault upon Harold Clark, a police officer. He was tried on that charge in the Circuit Court of Lauderdale County, convicted, and sentenced to fifteen years imprisonment.
On appeal here, Grace assigns as error the action of the trial court in declining to instruct the jury that, upon the evidence, it might convict Grace of the lesser offense of simple assault.
The case for the State may be summarized as follows:
At about 2:00 o'clock in the morning, Clark, a police officer, was on duty at his desk near the front door of the police station in the City of Meridian. Immediately outside the double front glass doors of the building were parking spaces which were visible to Clark from his position at the desk through the front doors and flanking glass panels of door size. A car pulled up and parked in the first space, which was the space nearest the doors, and just outside. Clark heard a woman's scream, followed by *420 a shot. He went outside immediately and saw that there was a woman seated at the wheel of the car but that next to her and very close to her was a man. As Clark started to approach the car, this man leaned across and shot him with a pistol. It was afterward determined that the woman had been shot in her right side. The shot which struck Clark shattered the bone in his arm. At once, following this shot, the man, afterward identified as Grace, from the passenger side of the bench type front seat began backing the car rapidly, knocking Clark, who had tried to dodge behind the car, to the ground to the left rear of the car. Grace then reversed and ran forward over Clark, breaking his collarbone and several ribs. Grace continued across the street, wrecking the car against a telephone pole.
By this time, another officer had emerged from the station and this officer started across the street toward the wrecked car, but as he approached it, Grace, who had gotten out, was standing beside the car with a pistol aimed at the officer, saying to the officer "Come on you m____ f____." The officer retreated and, observing Clark who had been grievously injured and required attention, went to him. Grace disappeared from the scene and was not seen again by the officers that night.
The defense offered by Grace was to the effect that he had been drinking over a period of several hours and had gotten drunk. He said that he had "found the pistol" under the car seat and had never seen it before. Grace said that he tried to unload it and it went off (this was the shot that struck the woman in the side), and that the car had then struck the curb with such force that the pistol went off again, this being the shot that hit Clark. After knocking Clark down with the automobile as Grace drove it backwards from the passenger side of the bench type front seat, Grace reversed direction and ran over Clark. These acts Grace attributes to the fact that he was intoxicated.
The court granted instructions, at Grace's request, among others, which told the jury:
[U]nless the Jury believes beyond every reasonable doubt from the evidence produced by the State in this case that the defendant, Dewey Grace, committed the acts complained of purposely, knowingly and with the intent to cause serious bodily injury to Harold Clark, then it is your sworn duty to find the defendant, Dewey Grace, not guilty.
.....
[T]he term "wilfully" used in these instructions means that the defendant knowingly and intentionally committed the acts, and that he did them with a corrupt design or purpose.
.....
[T]he terms "purposely and knowingly" as used in these instructions means that the defendant did the act intentionally and with an awareness and consciousness of what he was doing and not by mistake, inadvertence or accident.
.....
[W]ilfulness (sic) and purposely and knowing (sic) causing the injury are essential elements of the crime charged against the defendant, and that until the State has proven beyond a reasonable doubt that the acts were committed wilfully and purposely and knowingly, then it is your sworn duty to find the defendant not guilty.
No complaint is made of any of the instructions granted at the request of the State. In Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), it was held that a defendant is entitled to an instruction submitting to the jury a lesser included offense if the evidence will permit a jury rationally to find him guilty of the lesser offense and to acquit him of the greater.
In Jackson v. State, 337 So.2d 1242 (Miss. 1976), we said:
[W]hen warranted by the evidence, the trial court may instruct the jury with reference to lesser included offenses. However, such an instruction should not be indiscriminately or automatically given, ... but should only be given *421 after the trial court has carefully considered the evidence and is of the opinion that such an instruction is justified by the evidence.
(337 So.2d at 1255).
In Presley v. State, 321 So.2d 309 (Miss. 1975), Presley, on trial for armed robbery, was refused an instruction submitting to the jury the lesser included offense of assault and battery. In upholding the trial court's action in declining so to instruct the jury the Court said:
The method of submitting an instruction dealing with a lesser-included offense varies with each case. In some cases it may be sufficient simply to point out that the lesser offense is the same except for the absence of some specific element. In others it may be necessary to include all the essential elements of the included offense as was done for the principal charge. However, the jury should not be instructed as to a lesser-included offense in such a way as to ignore the primary charge as this would be confusing to the jury. It is also true that if the evidence does not justify submission of a lesser-included offense, the court should refuse to do so. Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law. (321 So.2d at 310).
In McDaniel v. State, 356 So.2d 1151 (Miss. 1978), this Court dealt with the excuse of intoxication offered as a defense in a criminal case.
If a defendant, when sober, is capable of distinguishing between right and wrong, and the defendant voluntarily deprives himself of the ability to distinguish between right and wrong by reason of becoming intoxicated and commits an offense while in that condition, he is criminally responsible for such acts.
(356 So.2d at 1161).
We have concluded that this is not a case in which, upon the evidence, the jury could rationally have found Grace guilty of simple assault and not guilty of the crime charged. The trial court properly declined to submit the issue of simple assault to the jury.
The jury was fully and accurately instructed as to the applicable law and as to the burden which rested upon the State throughout to establish every element of the crime charged beyond a reasonable doubt. We have concluded that the evidence overwhelmingly supports the verdict and that no prejudicial error was committed in the trial.
AFFIRMED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.