## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-KA-01242-SCT

*BENJAMIN STEWART*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2004 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID LYDELL TISDELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/18/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.     Benjamin Stewart a/k/a "Benzo" was indicted by the Bolivar County Grand Jury on two counts of burglary of a dwelling in violation of Miss. Code Ann. § 97-17-23.  A jury trial was held with the jury returning a hung jury verdict on Count I and a guilty verdict on Count II.[1]  Stewart was sentenced to serve a term of eight (8) years in an institution under the supervision

---

[1]  Count II is dealt with in this appeal and involves the burglary of Robert Gray's house.  Within the same trial, Count I addressed the burglary of Angela Jones's house and resulted in a hung jury, therefore, it is not addressed in detail in this appeal.

and control of the Mississippi Department of Corrections with two (2) years suspended after having served six (6) years in an institution under the supervision and control of the Mississippi Department of Corrections. Stewart filed a motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial. The trial court denied the post-trial motion. Stewart now appeals to this Court.

**FACTS**

¶2. On November 12, 2002, Lamont Robinson and Cedric Hines[2] broke and entered the back window of Robert Gray's home in Shelby, Mississippi, located in Bolivar County. Five guns, some jewelry and change were stolen from Gray's home. Stewart remained on the street corner when Robinson and Hines entered through the window. When they got inside Gray's home, Robinson whistled for Stewart, and Stewart entered Gray's house. While Stewart stood inside the house, Robinson and Hines ransacked the house looking for guns.

¶3. Robinson testified for the State in its case-in-chief. Robinson had pled guilty to both charges. Robinson testified that he had told Investigator Charlie Griffin that Stewart had gone inside Gray's house. He denied having told Investigator Griffin that Stewart had been a lookout. Robinson stated that Stewart came in through the front door, and he and Hines had entered the house through the window. Robinson broke out the window with a shovel. Once inside, Robinson then opened the front door for Stewart. Robinson testified that he did not see Stewart take anything and that Stewart did not plan the burglary or act as his lookout. Robinson testified that the items taken from Gray's house were pawned and the proceeds were distributed three ways with Stewart taking part of the money. Robinson testified that he told

---

[2] Stewart is Hines's brother.

2

Stewart's father, Benny Stewart, where the guns were because he thought it would help get Hines out of trouble.

¶4. Gray testified that on the evening of November 12, 2002, he returned to his house to find items scattered all over the house and personal items taken. He discovered that his back window had been broken out. He testified that "five guns and a lot of jewelry" were taken. Gray called the police.[3]

¶5. Charlie Griffin, an investigator with the Bolivar County Sheriff's Department, testified that he responded to the call regarding Gray's house. He testified that the investigation developed three suspects, namely Robinson, Hines and Stewart. Investigator Griffin testified that Robinson and Hines admitted they had committed the burglaries. Stewart denied his involvement. Four of Gray's guns were recovered and returned to him. At trial, Investigator Griffin identified Stewart for the record as the other suspect that he had discovered in his investigation.

¶6. At the close of the State's case-in-chief, the defense made a motion for directed verdict which was denied by the trial court. Stewart was advised of his right not to testify, and he elected not to testify. The defense rested without putting on any proof.

¶7. On appeal, Stewart raises the following assignments of error:

   **I.     Whether the trial court erred in failing to grant defense's jury instruction D-7.**

---

[3] Angela Jones, the homeowner in Count I, also testified in the case. She testified that her home had been broken into through the kitchen window, knocking out the bars on the window and the shutters inside. Her home had been ransacked. She had a VCR and a CD player taken. Investigator Griffin testified that those items were recovered in the investigation.

**II.      Whether the trial court erred in failing to sustain defense's
           motion for J.N.O.V., or in the alternative, motion for new trial.**

**DISCUSSION**

**I.      Jury Instruction D-7**

¶8.      Stewart argues that the trial court erred in refusing jury instruction which set out the lesser-included offense of trespass. The proffered jury instruction D-7 provided:

> If you, the Jury[,] find that the State has failed to prove any one of the essential elements of count II, the crime of burglary, you must find Benjamin Stewart not guilty of burglary and you will proceed with the deliberations to decide whether the State has proved beyond a reasonable doubt all the elements of trespassing.
> The crime of burglary is distinguished from trespassing by the absence or failure to prove a breaking and entering with the intent to commit a crime.
> In the event you find from the evidence that the defendant is guilty of the lesser included offense of trespass, your verdict shall be as follows:
> "We, the jury, find that the Defendant is guilty of trespass."

¶9.      On appeal, the State argues that proffered jury instruction D-7 does not provide a complete definition of trespass and failed to advise the jury of the elements required for trespass. Therefore, the State contends that the trial court properly refused the instruction. Pursuant to Miss. Code Ann. § 97-17-87(1) (Supp. 2004), trespass requires that a person commit "a *willful* or *malicious* trespass upon the real or personal property of another...." (emphasis added). The State argues that proffered instruction D-7 fails to advise the jury of all the elements of trespass, namely that Stewart's presence inside the house was required to be wilful or malicious and without the consent of the owner. We agree. This Court has held that the instruction must be a proper statement of the law. *See **Murphy v. State***, 566 So.2d 1201, 1206 (Miss. 1990) ("a trial judge may refuse an instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions).

4

¶10.    At trial, the State argued that the D-7 instruction should be refused because there was direct evidence that supported Stewart's involvement in the burglary.   In ***Harper v. State***, 478 So.2d 1017, 1021 (Miss. 1985), the Court stated the standard for granting a lesser-included offense instruction. The Court held:

> [A] lesser included offense instruction should be granted unless the trial judge - and ultimately this Court - can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely not guilty of at least one essential element of the principal charge.)

*See also **Toliver v. State***, 600 So.2d 186, 192 (Miss. 1992).  Jury instructions inconsistent with the evidentiary facts of the case should not be given.  ***Norman v. State***, 385 So.2d 1298, 1301 (Miss. 1980).  In ***Presley v. State***, 321 So.2d 309, 310 (Miss. 1975), this Court said:

> [T]he jury should not be instructed as to a lesser-included offense in such a way as to ignore the primary charge as this would be confusing to the jury. It is also true that if the evidence does not justify submission of a lesser-included offense, the court should refuse to do so. Unwarranted submission of a lesser offense is an invitation to the jury to disregard the law.

*See **Grace v. State***, 375 So.2d 419, 420 (Miss. 1979).   The Court further stated that: "[L]esser-included offense instructions should be given if there is an evidentiary basis in the record that would permit a jury rationally to find the defendant guilty of the lesser offense and to acquit him of the greater offense."   ***Hobson v. State***, 730 So.2d 20, 26 (Miss. 1998) (quoting ***Welch v. State***, 566 So.2d 680, 684 (Miss. 1990)).

¶11.    Here, Stewart entered Gray's home after Robinson whistled for him once inside the house.  Robinson and Hines entered the house by breaking out a window.  Robinson and Hines

5

pled guilty to burglarizing Gray's house (Count II). Regardless of Robinson's testimony that Stewart did not participate in ransacking the rooms in Gray's house, Stewart remained inside the house while Robinson and Hines searched for valuables throughout the rooms. Stewart did not report the burglary to the authorities or stop the burglary.

¶12. Most damning to the Stewart's position, the items stolen from Gray's home were pawned, and Stewart received part of the money. Robinson testified that Stewart received a portion of the proceeds from the sale of the items taken from Gray's house. The State clearly presented evidence that Stewart aided and abetted the burglary. The jury determined that Stewart was guilty on Count II for the burglary of Gray's house. This assignment of error is without merit.

## II. J.N.O.V./New Trial

¶13. Stewart moved for a directed verdict at the close of the State's case-in-chief. The trial court denied Stewart's motion. Stewart also made a post-trial motion for judgment notwithstanding the verdict, or alternatively, motion for a new trial, and the trial court also denied said motion.

¶14. This Court has made a distinction between the review of the denial of a motion for J.N.O.V. based on the legal sufficiency of the evidence and review of a motion for new trial based on the weight of the evidence.

### A. *Legal Sufficiency*

¶15. Stewart was convicted of burglary pursuant to Miss. Code Ann. § 97-17-23 which provides:

6

Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein...

¶16.    On the issue of the legal sufficiency of the evidence, this Court held in *Pinkney v. State,* 538 So.2d 329, 353 (Miss. 1988), *vacated on other grounds*, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990), that reversal can only occur when evidence of one or more of the elements of the charged offense is such that "reasonable and fair minded jurors could only find the accused not guilty." (quoting *Wetz v. State,* 503 So.2d 803, 808 (Miss. 1987)). A motion for J.N.O.V. challenges the legal sufficiency of the evidence. *McClain v. State,* 625 So.2d 774, 778 (Miss. 1993). "[T]his Court properly reviews the ruling on the last occasion the challenge was made in the trial court." *Id.* at 778. Here, this occurred when the trial court denied Stewart's motion for J.N.O.V. *See id.*

¶17.    Stewart was outside on the corner when Robinson and Hines broke out a window to enter Gray's house. Robinson testified that he whistled Stewart inside. Stewart waited inside while Robinson and Hines ransacked the house searching for valuables. Gray testified that five guns and jewelry were stolen. Robinson pawned the items, and Stewart shared in the proceeds. The evidence demonstrates that the elements of burglary under Miss. Code Ann. § 97-17-23 were met in this case.

B.    *Weight of the Evidence*

¶18.    A motion for new trial challenges the weight of the evidence. *Sheffield v. State,* 749 So.2d 123, 127 (Miss. 1999). A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial. *Id.*

¶19.   This Court held in **Bush v. State**, 895 So.2d 836, 844 (Miss. 2005) as follows:

> When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. **Herring v. State**, 691 So.2d 948, 957 (Miss.1997). We have stated that on a motion for new trial, the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. **Amiker v. Drugs For Less, Inc.**, 796 So.2d 942, 947 (Miss.2000). However, the evidence should be weighed in the light most favorable to the verdict. **Herring**, 691 So.2d at 957. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, "unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict." **McQueen v. State**, 423 So.2d 800, 803 (Miss.1982). Rather, as the "thirteenth juror," the court simply disagrees with the jury's resolution of the conflicting testimony. **Id**. This difference of opinion does not signify acquittal any more than a disagreement among the jurors themselves. **Id.** Instead, the proper remedy is to grant a new trial.

¶20.   In the case sub judice, the verdict is consistent with the weight of the evidence, and a new trial is not warranted. Without repeating the facts previously stated, the jury heard the testimony from all the witnesses called by the State. Stewart did not testify, and the defense did not call any witnesses to testify. The jury determined that Stewart was guilty on Count II for the burglary of Gray's house. When polled as to Count II, all jurors stated that was their verdict. The jury had the opportunity to weigh the evidence presented and the credibility of the State's witnesses. This assignment of error is without merit.

## CONCLUSION

¶21.   We affirm the judgment of the Circuit Court of Bolivar County.

¶22.   **CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF EIGHT (8) YEARS, WITH CONDITIONS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TOGETHER WITH PAYMENT OF ALL COSTS AND A FINE OF $4,000.00 TO BE PAID WITHIN TWO (2) YEARS OF RELEASE**

**FROM INCARCERATION, AFFIRMED. AFTER APPELLANT HAS SERVED SIX (6) YEARS, THE REMAINING TWO (2) YEARS SHALL BE SUSPENDED. APPELLANT SHALL RECEIVE CREDIT FOR ALL TIME PREVIOUSLY SERVED IN THIS CAUSE. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**